IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phillip Lee Spears, #297965, ) | |
| ) | C/A No. 6:13-555-JMC-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| South Carolina Dept. of Corr.; Ernest ) | |
| Mims; Edward Lucky; Adrienne ) | |
| Scarborough; Geraldine Johnson; Darnell ) | |
| Pugh; C. Demery; Ms. Hopkins a/k/a ) | |
| Hankins; Ms. Winterspoon a/k/a ) | |
| Witherspoon; Mr. Shepard; Jacqueline ) | |
| Strong; and Susan Breon, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## Background

This *pro se* Plaintiff, who is incarcerated at the Perry Correctional Institution, brings a civil action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights during his incarceration at the Lee Correctional Institution. ECF No. 1 at 1–10; ECF No. 1-3 at 1–6. He alleges the individual defendants listed in the above caption took certain actions that amounted to excessive force and/or intentional denial of medical treatment for his serious medical needs. *Id.* Plaintiff seeks damages against the Defendant South Carolina Department of Corrections ("SCDC"), and he seems to allege that, through its director, it was grossly negligent in supervising the individual prison officials. ECF No. 1 at 9; ECF No. 1-3 at 6. After a review of the Complaint and the applicable law, this Court recommends that SCDC should be summarily dismissed from this action.[1]

---

[1] In a separate order, issuance and service of process is authorized on the individual defendants.

## Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, a portion of the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

SCDC, as an agency of South Carolina, has Eleventh Amendment immunity from this action seeking damages in this court. *See Cypress v. S.C. Dep't of Corr.*, C/A No. 3:11-2910-CMC-JRM, 2011 WL 5873040, at *1–2 (D.S.C. Nov. 7, 2011), *adopted by* 2011 WL 5876910 (D.S.C. Nov. 22, 2011). "[W]e have understood the Eleventh Amendment to confirm the structural understanding that States entered the Union with their sovereign immunity intact...." *Virginia Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637-38 (2011). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* (citations omitted). The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Id.* at 1637 n.1. The Supreme Court has construed the Eleventh Amendment "'to establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3rd 244, 248 (4th Cir. 2012) (citation omitted). A State must expressly consent to suit in a federal district court, which South Carolina has not done. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Accordingly, SCDC should be dismissed based upon Eleventh Amendment immunity.

## Recommendation

It is recommended that the District Court dismiss SCDC from this action *without prejudice and without issuance and service of process*. At this time, this action is proceeding against the individual defendants. **Plaintiff's attention is directed to the important notice on the next page.**

                                                                             s/ Kevin F. McDonald
                                                                             United States Magistrate Judge

April 22, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).