IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Phillip Lee Spears, #297965, <br><br>                      Plaintiff,<br><br>vs.<br><br>Ernest Mims, Edward Lucky, Adrienne Scarborough, Geraldine Johnson, Darnell Pugh, C. Demery, Ms. Hopkins, Ms. Winterspoon, Mr. Shepard, Jacqueline Strong, and Susan Breon,<br><br>                      Defendants. | Civil Action No. 6:13-555-JMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

       This matter is before the court on the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 29). The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

## BACKGROUND

       The plaintiff is an inmate with the South Carolina Department of Corrections ("SCDC") at the Broad River Correctional Institution. In his complaint, the plaintiff claims that on December 31, 2008, the defendants violated his constitutional rights by using excessive force against him with chemical munitions and by thereafter denying him medical assistance (comp. ¶¶ 16-28). The plaintiff also alleges that he pursued his administrative remedies:

> On January 4, 2009, Plaintiff filed a Step 1 Grievance on the December 31, 2008 issue but the grievance was unprocessed by the I.G.C. until the plaintiff fought it & the Step 1 was ruled on November 17, 2010. Plaintiff received it December 29, 2010 & filed his Step 2 January 9, 2011. The Step 2 was denied March 2, 2011 & plaintiff received it March 25, 2011.

(*Id.* ¶ 25).

On April 22, 2013, the undersigned filed a Report and Recommendation that the SCDC be dismissed from the case, and an Order authorizing service upon the remaining named defendants (docs. 17 and 18). On May 20, 2013, the Honorable J. Michelle Childs, United States District Judge, issued an order accepting the Report and Recommendation that the SCDC be dismissed (doc. 25).

On June 4, 2013, the remaining defendants filed a motion to dismiss for failure to state a claim for which relief can be granted (doc. 29), arguing specifically that the case is barred by the statute of limitations. On June 5, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), this court advised the plaintiff of the motion to dismiss and motion for summary judgment procedures and the possible consequences if he failed to adequately respond to the motion. On July 8, 2013, the plaintiff filed his response in opposition to the motion to dismiss (doc. 35). The plaintiff argues that his case is not barred by the statute of limitations, as the filing time was tolled while he pursued his administrative remedies. He also argues that a statute of limitations defense is not properly presented in a Rule 12(b) motion, as it is not listed among the defenses expressly authorized by the rule for such a motion. The defendants did not file a reply to the response.

## **APPLICABLE LAW AND ANALYSIS**

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a court is charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean the court can ignore a clear failure to allege

facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

***Rule 12(b)(6)***

As an initial matter, the plaintiff contends that a statute of limitations defense is not authorized by Federal Rule of Civil Procedure 12(b), and therefore the defendants' motion should be rejected on that ground. Rule 12(b) authorizes a party to assert certain defenses by way of a motion to dismiss, including for failure to state a claim for which relief can be granted. The defense of the statute of limitations is not expressly set forth in Rule 12(b) as a basis for a motion, but is instead listed as an affirmative defense in Federal Rule of Civil Procedure 8(c). Accordingly, it is generally not raised in a Rule 12(b)(6) motion, but rather in a responsive pleading. However, an exception is made if the time bar is apparent on the face of the complaint. *See Dean v. Pilgrim's Pride Corp.,* 395 F.3d 471, 475 (4th Cir. 2005).

The complaint here sets forth that the incident occurred on December 31, 2008, and that medical attention and mental health treatment were denied repeatedly through February 18, 2009 (comp. ¶¶ 20-28). The plaintiff delivered the complaint to the Broad River Correctional Institution mailroom on February 28, 2013,[1] more than four years later (*see* doc. 1-2). The applicable statute of limitations is three years. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (federal courts considering § 1983 claims adopt the forum state's statute of limitations for personal injury claims); S.C. Code Ann. § 15–3–530(5) (three year statute of limitations for personal injury claims). Accordingly, the issue of whether the case is barred by the statute of limitations is apparent on the face of the complaint, and the defendants were within the Federal Rules in pursuing the defense by way of a motion to dismiss under Rule 12(b)(6).

---

[1] As the plaintiff is a prisoner, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court.

3

*Statute of Limitations*

The defendants argue that the plaintiff's claims are barred by the applicable statute of limitations as he filed this case more than four years after the incidents at issue took place. However, the plaintiff expressly alleges that he pursued his administrative remedies by filing grievances within SCDC prior to filing his case in this court.[2] As set forth in his complaint, the plaintiff filed a Step 1 grievance on January 4, 2009, and he received the denial on December 29, 2010. He then filed a Step 2 grievance on January 9, 2011, and he received the denial on March 25, 2011 (comp. ¶ 25). Taking these allegations as true, as the court is required to do for purposes of deciding this motion, the plaintiff may be entitled to approximately two years of equitable tolling of the limitations period, thus making his complaint timely in this court.

As the plaintiff has raised facts that, if proven, might entitle him to equitable tolling as to claims outside the statute of limitations, the undersigned recommends that the defendants' motion to dismiss on this basis be denied. *See Saucillo v.* Samuels, C.A. No. 0:12-cv-240-TMC, 2013 WL 360258, at *1-2 (D.S.C. Jan. 30, 2013) (holding that plaintiff was entitled to equitable tolling while exhausting his administrative remedies under 42 U.S.C. § 1997e); *Peoples v. Rogers*, C.A. No. 8:10-24-CMC-BHH, 2010 WL 424201, at *2 (D.S.C. Feb. 1, 2010) (same).

## CONCLUSION AND RECOMMENDATION

Now, therefore, based on the foregoing,

IT IS RECOMMENDED that the defendants' motion to dismiss (doc. 29) be denied as set forth above.

August 29, 2013                               s/ Kevin F. McDonald
Greenville, South Carolina                    United States Magistrate Judge

---

[2] The Prison Litigation Reform Act requires that a prisoner exhaust all available administrative remedies prior to bringing a § 1983 action. *See* 42 U.S.C. § 1997e(a).

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.